IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DULCE JUANITA MONTANTE, temporary administrator of the estate of Bernabe Valdez, decedent,<br><br>    Plaintiff,<br><br>    v.<br><br>BOYD BROTHERS TRANSPORTATION COMPANY, INC., and LESIA ANN BISHANOI,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:20-CV-319-WKW<br>)               [WO]<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve each defendant within 90 days after the complaint is filed. Today, more than seventeen months after the complaint was filed, the record still does not establish that Defendant Lesia Ann Bishanoi has been properly served. In response to the court's order to show cause, Plaintiff has responded that: (1) counsel for Defendant Boyd Brothers signed her name on the Rule 26(f) report as "Attorneys for Defendants Boyd Brothers Transportation, Inc., and Lesia Ann Bishanoi" (Doc. # 13 at 5); and (2) Defendant Bishanoi has filed a corporate disclosure statement (Doc. # 31).

Plaintiff argues that Defendant Bishanoi has thus waived service of process. (Doc. # 33.)

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Objections to service of process can be waived. *Id.* But the general rule is that service of process can only be waived in a Rule 12 response to the complaint. *See* Fed. R. Civ. P. 12(h); *Pardazi*, 896 F.2d at 1318; *see also Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 791 (11th Cir. 2017) ("[W]aiver of the defense of insufficient service of process is governed by Rule 12, and Rule 12 does not provide for waiver by filing a notice of appearance . . . ."). Even engaging in the discovery process is not sufficient to waive service of process. *See Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973).[1]

Neither participating in a Rule 26(f) meeting nor filing a corporate disclosure statement is listed in Rule 12(h) as a method for waiving service of process. Defendant Bishanoi's actions therefore have not waived the defense.

Under Rule 4(m), the court also has the discretionary power to extend the 4(m) time limit. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005).

---

[1] In *Bonner v. City of Prichard, Alabama*, the Eleventh Circuit adopted as binding all cases of the former Fifth Circuit handed down before the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Before dismissal, the court is required to consider whether other circumstances justify a discretionary extension of time. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) (reversing and remanding for failure to consider a discretionary extension). At minimum, the court must consider whether the case meets the examples cited in *Horenkamp*: "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Horenkamp*, 402 F.3d at 1132–33.

Mistake of law is not good cause for an extension of time under Rule 4(m). *Francis-Mohamed v. Wolf*, No. 2:20-CV-1000-WKW, 2021 WL 3577421, at *1 (M.D. Ala. Aug. 12, 2021) (Watkins, J.). However, the court's June 18, 2020, and June 30, 2020, docket entries sufficiently confused the issue of waiver to merit a finding of good cause.

Accordingly, it is ORDERED that the deadline for Plaintiff to effect service of process upon Defendant Bishanoi is EXTENDED to and including **November 30, 2021**.

DONE this 25th day of October, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE